## COLE v. MILLER ET AL.

PLEADING.—*Sheriff's Sale.*—*Sale of Land, on School Fund Mortgage.*—*Action to Set Aside for Irregularity.*—*Fraudulent Representations.*—*Payment to Treasurer.*—In an action by a purchaser at sheriff's sale of land subsequently sold to satisfy a prior mortgage thereon to the school fund, against the county auditor and the purchaser, to set aside such sale for alleged irregularity, the complaint alleged, that the plaintiff, intending to bid a certain sum, the amount due on such mortgage, for such land, at such sale, was prevented therefrom by the false and fraudulent statements of the mortgagor, made with the assent of the purchaser, and prior to the sale, that he intended to pay off the amount due on such mortgage, and thus prevent the sale of the land, and also that he had arranged to pay the same off and stop the sale ; and that, though the purchaser had bid a certain sum for the land, exceeding that intended to be bid by the plaintiff, he had wholly failed and refused to pay the same to the auditor.

*Held*, on demurrer, that the complaint is insufficient.

*Held*, also, that the sum bid at such a sale should be paid to the county treasurer, and not to the auditor.

From the Harrison Circuit Court.

*W. N. Tracewell* and *R. J. Tracewell*, for appellant.

*B. P. Douglass* and *S. M. Stockslager*, for appellees.

HOWK, J.—In this action, the appellant, as plaintiff, sued the appellees, as defendants, in the court below.

In his amended complaint, the appellant alleged, in substance, that, on the 6th day of October, 1874, he recovered a judgment, in the court below, against one John R. Stevens and Sophia, his wife, for the sum of six hundred and twenty-three dollars and thirty-two cents and the costs of suit, with ten per cent. interest, to be executed without relief from valuation or appraisement laws, and for the foreclosure of a certain mortgage, executed by the said John R. and Sophia Stevens to the appellant on the 10th day of June, 1873, on four parcels of real estate, each particularly described, in Harrison county, Indiana, containing in the aggregate one hundred and twenty-six acres, and the sale of said mortgaged property, to satisfy said judgment, interest and costs, all of which would more fully appear by reference to the records and

files of the court below; that afterward, on the 9th day of November, 1874, the appellant caused to be issued, out of the clerk's office of the court below, a certified copy of said order of sale, to the sheriff of said Harrison county, who, in pursuance thereof, advertised according to law, and sold on the 6th day of February, 1875, the said several parcels of real estate, so mortgaged as aforesaid, to the appellant for the sum of one thousand and seventy dollars and fifty-five cents, that being the highest and best bid made therefor; that the appellant fully paid the said sheriff the amount of his said bid, and received from him a certificate of purchase of said real estate; all of which would more fully appear from the sheriff's return of said order of sale, then on file in said clerk's office; that afterward, at the expiration of one year from the date of said sale, to wit, on the 7th day of February, 1876, the said sheriff executed and delivered to the appellant a sheriff's deed of said several parcels of real estate, whereby the appellant became and was the owner of said real estate, a copy of which sheriff's deed was therewith filed; that, on the 12th day of April, 1873, the said John R. Stevens and Sophia, his wife, executed a mortgage to the State of Indiana, for the use of the common school fund, on one of the said four parcels of real estate, containing forty acres, to secure the payment of the sum of one hundred and fifty dollars to the State for the use of said school fund, due and payable on May 23d, 1878; that, on February 20th, 1875, the then auditor of said Harrison county, by virtue of an act of the General Assembly of this State, approved March 6th, 1865, forfeited and sold said parcel of forty acres, at public auction, to the appellee Isaiah Stevens, for the sum of three hundred and seventy dollars, the whole liability on said mortgage being one hundred and seventy dollars, which said facts would more fully appear by reference to said auditor's return on said mortgage, on file in the auditor's office; that said sale, by said auditor, of said real estate was irregular and

void, in this, that the appellee Isaiah Stevens had failed, refused and neglected to pay the amount of his said bid at said sale, to wit, the sum of three hundred and seventy dollars, to said auditor, and in this, that one of the mortgagors, John R. Stevens, falsely and fraudulently represented to the appellant, in the presence and hearing of the appellee Isaiah Stevens, a few days before said sale, that they, meaning himself and said appellee, intended to pay the interest, damages and costs on said mortgage, and stop the sale of said mortgaged premises, and that the appellant need not come down to bid on them; that, on account of said false and fraudulent representations of said John R. Stevens, assented to at the time by the appellee Isaiah Stevens, the appellant was prevented from bidding on said mortgaged land, at the sale thereof, and the land failed to bring its full value; that the appellant intended to bid the sum of one hundred and ninety-six dollars for said land, the amount of said school mortgage, interest, damages and costs, and was prevented from so doing by said false and fraudulent representations of said John R. Stevens, assented to by said appellee; that said auditor's sale of said land was also irregular and void, in this, that said John R. Stevens, in the presence and hearing of the appellee Isaiah Stevens, on the day of said sale, made the following false and fraudulent representations to one Wm. N. Tracewell, Esq., the appellant's attorney and agent for the purchase of said land, on account of which said Tracewell was prevented from bidding on said land, to wit: The said Tracewell, the appellant's agent and attorney, being there present, with the appellant's instructions to bid the sum of one hundred and ninety-six dollars on said land for appellant, it was represented, immediately before said sale, that there would be no sale of said land, as he, John R. Stevens, had fixed up the matter with the appellant; that he had seen the appellant on the evening before, and had agreed with

him, that he, the said John R., should pay the accrued interest and costs on said school mortgage, and that he intended to do so and stop said sale; wherefore, and on account of said false and fraudulent representations of said John R. Stevens, in the presence and hearing of the appellee Isaiah Stevens, who then and there knew that said representations were false, said Tracewell was prevented from bidding at said sale, and said land did not bring the price it otherwise would have brought; that said Tracewell intended to bid therefor the sum of one hundred and ninety-six dollars, and was prevented therefrom by said false and fraudulent representations. Wherefore, and in consideration of the premises, the appellant prayed, that said auditor's sale of said parcel of land be set aside and held for naught, and for all other proper relief.

To the appellant's amended complaint, the appellees jointly and severally demurred, upon the ground that it did not state facts sufficient to constitute a cause of action against them, or either of them, which demurrers were sustained, and to these decisions the appellant excepted.

The appellant declined to amend, and thereupon judgment was rendered on the demurrers, by the court below.

The appellant has assigned as errors in this court the decisions of the court below in sustaining the joint and several demurrers of the appellees to his amended complaint.

It seems very clear to us, that the appellant's complaint did not state facts sufficient to constitute a cause of action against the appellees, or either of them.

Conceding each and every allegation of fact in the appellant's complaint to be true, as therein stated, conceding that the appellant, as alleged, was deceived and misled by the false and fraudulent representations of John R. Stevens, a stranger to the record of this cause, and that those representations were made in the presence and hearing of, and were assented to by, the appellee Isaiah

Stevens, yet we utterly fail to see from the averments of the complaint, wherein or how the appellant was in any wise damnified by such false and fraudulent representations.

However erroneous, or even illegal, the proceedings of the auditor of Harrison county or of the appellee Isaiah Stevens may have been in the premises, the appellant could not maintain an action thereon, unless he could show that in some way or other he was thereby injured. That is just what the appellant failed to do, in his complaint in this action. On the contrary, as we read the averments of his complaint, he showed therein very conclusively, that he was not in any manner, or to any extent, endamaged by the alleged false and fraudulent representations of said John R. Stevens. It was alleged by the appellant, in his complaint, that he intended to bid, at the auditor's sale of the land mortgaged to the school-fund, the sum of one hundred and ninety-six dollars; and again, that he had instructed his attorney, Judge Tracewell, to bid for him at said sale, the said sum of one hundred and ninety-six dollars; but it was not alleged, that the appellant had intended to bid, or had instructed his attorney to bid for him, at said auditor's sale of said land, any greater sum than the said sum of one hundred and ninety-six dollars.

Of course, at such auditor's sale, under the law, the land mortgaged was to be sold, at public auction, to the highest bidder, for cash; and when it was alleged in the complaint, that the land in question had been sold, at the auditor's sale thereof, for the sum of three hundred and seventy dollars, or for the sum of one hundred and seventy-four dollars more than the appellant had intended to bid, or had instructed his attorney to bid for him, then it becomes difficult, if not impossible, to see wherein or how the appellant could be damnified by the alleged false and fraudulent representations of said John R. Stevens. Certainly, under the averments of this com-

plaint, the appellant was not injured by the failure either of himself or of his attorney to be present at said auditor's sale of said mortgaged land, and bid therefor the said sum of one hundred and ninety-six dollars; when it appeared, as it did, from the fact that the land was then sold for nearly double that sum, that his said bid would have been fruitless and unavailing.

It is claimed, however, in argument, that the auditor's sale of said mortgaged land was irregular and void, in this, that the appellee Isaiah Stevens had failed, refused and neglected to pay the amount of his said bid therefor, at the said sale thereof, to wit, the said sum of three hundred and seventy dollars.

It is provided in section 96 of " An act to provide for a general system of common schools," etc., approved March 6th, 1865, that, at the sale of lands mortgaged to the school fund, " the auditor shall sell so much of the mortgaged premises, to the highest bidder, for cash, as will pay the amount due for principal, interest, damages and costs." 1 R. S. 1816, p. 801.

The allegations in the appellant's complaint, in regard to the alleged non-payment, by the appellee Isaiah Stevens, of the amount of his bid at the auditor's sale, are not such, in our opinion, as fairly present the question discussed by his counsel. It was alleged by the appellant, that the appellee had failed, refused and neglected to pay the amount of his said bid, at said auditor's sale, to wit, the sum of three hundred and seventy dollars, to the said auditor; but that might well have been strictly and literally true, and yet the amount of said bid might have been promptly and legally paid in cash to the proper officer. For, under section 92 of the act before referred to, as we construe it, the amount of said bid was properly and legally payable, not to the auditor, but to the treasurer, of said Harrison county, and only the treasurer's receipt therefor was required to be filed with the county auditor. 1 R. S. 1876, p. 800.

In the absence of an averment to. the contrary, we are bound to presume that the amount of the bid mentioned in the appellant's complaint, in this case, was paid in cash, as the law required it to be paid, to the treasurer of Harrison county. Certainly, this presumption was not negatived in any manner by the averment before set out, which was the only averment on this subject in the complaint, that the appellee had failed, refused and neglected to pay the amount of his said bid, at said sale, to the auditor of said county.

In conclusion, we may properly remark, that there was not the slightest pretence in the complaint, that either the present auditor of Harrison county or his predecessor in office, who was the acting party in making said sale, was in any manner or to any extent a party in or to the said alleged false and fraudulent representations.

In our opinion, no error was committed by the court below, in sustaining the appellees' demurrers to the appellant's amended complaint. ·

The judgment is affirmed, at the appellant's costs.